United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41187
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO RODRIGUEZ-LOPEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-325-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Roberto Rodriguez-Lopez (Rodriguez) appeals his guilty-plea conviction and sentence for being unlawfully found in the United States after deportation, having previously been convicted of an aggravated felony. He argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Rodriguez contends that § 1326(b) must be severed from the remainder of the statute and his conviction reduced to one under § 1326(a). The Government argues that the waiver

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provisions in Rodriguez's plea agreement preclude his attack on the constitutionality of § 1326(b) and that he lacks standing to challenge the constitutionality of § 1326(b). We assume, arguendo only, that the waiver does not bar the instant appeal.

However, Rodriguez cannot succeed in this appeal because his constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Rodriguez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Rodriguez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.